# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ALLAN COOKE EPPERSON**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO. 11-381**

**PUBLIC DEFENDER OFFICE**                                  **SECTION "R"(3)**
**MARIA M. CHAISSON, ATTORNEY, ET AL.**

## REPORT AND RECOMMENDATION

Plaintiff, Allan Cooke Epperson, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. In the original complaint, he named as defendants Maria M. Chaisson, Sheriff Greg Champagne, and Warden Roland Ladreyt.[1] He subsequently amended the complaint to name District Attorney Harry J. Morel, Jr., as an additional defendant.[2] In this lawsuit, plaintiff claims that he has been illegally detained. As relief, he seeks only monetary damages.[3]

---

[1] Rec. Doc. 1, p. 4.

[2] Rec. Doc. 7.

[3] Rec. Doc. 1, p. 5. The Court notes that plaintiff does *not* request that the Court order his release from detention. Indeed, that form of relief may not be granted in a civil rights action brought pursuant to § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

I.  Facts

In order to better understand the factual basis plaintiff's claims, the Court held a <u>Spears</u> hearing on March 24, 2011.  <u>See</u> <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).  "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).  <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant.  <u>Id</u>.  Based on the complaint and the testimony at the <u>Spears</u> hearing, the Court finds that plaintiff is making the following factual allegations in support of his claims.

Plaintiff was arrested on July 23, 2010, and charged with the state crime of monetary instrument abuse.  <u>See</u> La.Rev.Stat.Ann. § 14:72.2.  On July 26, 2010, bond was set on that charge in the amount of $30,000.  He was unable to make bond and therefore remained incarcerated.

On January 31, 2011, a criminal complaint against plaintiff was filed in federal court alleging that he had committed the federal crime of conspiracy to commit bank fraud.  <u>United States v. Allan Epperson</u>, No. 11-mj-11 (E.D. La.).[4]  In connection with that federal proceeding, plaintiff was arrested on February 11, 2011.  On that same date, he was ordered remanded to the custody of the United States Marshal, and, on February 16, 2011, he was ordered to remain detained pending trial.

---

[4]   "A court may take judicial notice of related proceedings and records in cases before the same court."  <u>MacMillan Bloedel Ltd. v. Flintkote Co.</u>, 760 F.2d 580, 587 (5th Cir. 1985); <u>see also</u> <u>Thompson v. St. Bernard Parish Court</u>, Civ. Action No. 09-4465, 2010 WL 110797, at *1 n.2 (E.D. La. Jan. 11, 2010).

Plaintiff believes that the state criminal charges were dismissed after his arrest on federal charges; however, he is not certain of that fact.  He currently remains in detention at the Nelson Coleman Correctional Center in Killona, Louisiana.

## II.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

3

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and Spears hearing testimony,[5] the undersigned finds that the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

---

[5]    The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

### III.  Plaintiff's Claims

Plaintiff filed this lawsuit on a complaint form to be used by prisoners bringing civil actions pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Plaintiff's § 1983 claims against the named defendants fail for the following reasons.

### A.  Maria M. Chaisson

Plaintiff named as a defendant Maria M. Chaisson, the public defender appointed to represent him in the state criminal proceedings.  However, the claim against Chaisson must be dismissed because she is not a state actor liable under § 1983.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); see also Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); Ellison v. De La Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (ineffective assistance of counsel claims brought against appointed counsel in a § 1983 suit must fail "for want of any action under color of state law").[6]

---

[6]   The Court recognizes that claims against such attorneys for engaging in a conspiracy with state actors are cognizable in a § 1983 action.  See, e.g., Mills, 837 F.2d at 679.  That said, plaintiff

### B.  Harry J. Morel, Jr.

Plaintiff also sued Harry J. Morel, Jr., the District Attorney for St. Charles Parish.  However, plaintiff's claim against Morel is improper for the following reasons.

As to a claim against Morel in his individual capacity, any such claim is barred by absolute prosecutorial immunity.  Prosecutorial immunity protects Morel against claims based on his "actions in initiating the prosecution and in carrying the case through the judicial process."  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).  A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom."  Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted).  Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently."  Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).[7]

Moreover, plaintiff has not stated a cognizable claim against Morel in his official capacity.  The United States Fifth Circuit Court of Appeals has noted:

---

does not appear to be asserting a conspiracy claim.  However, even if plaintiff's allegations were somehow construed as asserting a conspiracy claim, the allegations are conclusory at best.  Conclusory allegations of conspiracy fail to state a § 1983 cause of action.  Small v. Dallas County, Texas, 170 Fed. App'x 943, 944 (5th Cir. 2006); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992)

[7]    The Court notes that it is unlikely that Morel personally took any action with respect to plaintiff's case; however, even assuming Morel was personally involved, he is entitled to absolute prosecutorial immunity.  To the extent that plaintiff is simply seeking to hold Morel liable for the actions of his subordinates, such supervisory liability is not recognized in federal civil rights actions.  In a § 1983 lawsuit, a supervisory official is not liable for the actions of her subordinates under any theory of vicarious liability.  Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999).  The Fifth Circuit has further

held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation

marks, brackets, and citations omitted).  "A plaintiff may not infer a policy merely because harm

resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas, 981

F.2d 237, 245 (5th Cir. 1993).  Rather, he must *identify* the policy or custom which allegedly caused

the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x

547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003).  In the instant

case, plaintiff does not even allege that the purported violations here stemmed from an official

policy or custom, much less identify such a policy or custom.

### C.   Greg Champagne and Roland Ladreyt

Plaintiff also named as defendants St. Charles Parish Sheriff Greg Champagne and Warden

Roland Ladreyt.  As parish sheriff, Champagne is the official "keeper" of the parish jail where

plaintiff is detained, see La.Rev.Stat.Ann. §§ 15:704 and 33:1435(A), while Ladreyt is the jail's

warden.  Accordingly, if plaintiff had a valid claim for illegal detention, Champagne and/or Ladreyt

would arguably be proper defendants.  However, it is evident that plaintiff has no valid claim for monetary damages against either Champagne or Ladreyt for illegal detention.

As noted, plaintiff was arrested on state charges on July 23, 2010.  Pursuant to an order of the state court, he was detained on those charges until such time as he posted bond in the amount of $30,000.  Because he never posted bond, the court's order of detention remained in effect, and his continued detention by Champagne or Ladreyt based on that order was therefore proper.  See, e.g., Occhino v. United States, 686 F.2d 1302, 1305 (8th Cir. 1982) ("[D]eprivation of liberty pursuant to a valid court order does not constitute false imprisonment.").

After the instant civil complaint was filed, plaintiff was arrested on federal charges on February 11, 2011.  He suspects that the state charges were dismissed after that federal arrest.  However, even if his suspicion proves accurate, he has been ordered detained in connection with the federal criminal proceedings since his arrest on February 11.  Accordingly, again, his continued court-ordered detention by Champagne or Ladreyt is proper.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

New Orleans, Louisiana, this sixth day of April, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[8]  <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.